\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

# EXHIBIT A

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**ANZALONE LAW OFFICES, LLC**

By: Patrick J. Doyle, Jr., Esquire
    Identification No.: 203542        **Attorney for Plaintiffs**

**98 South Franklin Street**
**Wilkes-Barre, PA 18701**
**(570) 825-2719**

---

| | | |
|---|---|---|
| M.W., as parent and natural guardian of | : | IN THE COURT OF COMMON PLEAS |
| S.W., a minor, | : | |
| | : | OF LACKAWANNA COUNTY |
| Plaintiffs | : | |
| | : | |
| vs. | : | CIVIL ACTION--LAW |
| | : | |
| CAREER TECHNOLOGY CENTER | : | |
| OF LACKAWANNA COUNTY and | : | JURY TRIAL DEMANDED |
| LAKELAND SCHOOL DISTRICT, | : | |
| | : | |
| Defendants | : | No.: 19-CV-878 |

## NOTICE

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.


LEGAL SERVICES OF NORTHEASTERN PENNSYLVANIA, INC.

> 410 Bicentennial Bldg.
> 15 Public Square
> Wilkes-Barre, PA  18701
> (570) 825-8567


NORTH PENN LEGAL SERVICES, INC.

> 2 East Broad Street
> Suite 210
> Hazleton, PA  18201
> (570) 455-9512


LACKAWANNA COUNTY LEGAL AID & DEFENDER ASSOC.

> Scranton Electric Bldg.
> Linden Street, Suite 200
> Scranton, PA  18503
> (570) 342-0184

# ANZALONE LAW OFFICES, LLC

By: Patrick J. Doyle, Jr., Esquire
Identification No.: 203542

Attorney for Plaintiffs

98 South Franklin Street
Wilkes-Barre, PA 18701
(570) 825-2719

---

| | | |
|---|---|---|
| M.W., as parent and natural guardian of S.W., a minor, | : | IN THE COURT OF COMMON PLEAS |
| | : | OF LACKAWANNA COUNTY |
| Plaintiffs | : | |
| | : | |
| vs. | : | CIVIL ACTION--LAW |
| | : | |
| CAREER TECHNOLOGY CENTER OF LACKAWANNA COUNTY and LAKELAND SCHOOL DISTRICT, | : | JURY TRIAL DEMANDED |
| | : | |
| Defendants | : | No.: 19-CV-878 |

## COMPLAINT

The Plaintiff, M.W., as parent and natural guardian of S.W., a minor, by and through his

counsel, the Anzalone Law Offices, LLC, hereby complains of the above-named Defendants as

follows:

1.      M.W. is father and natural guardian of S.W., a minor, (hereinafter "Plaintiff S.W."),

and is an adult, competent individual who resides in Lackawanna County, Pennsylvania and may

be contacted through his counsel, Patrick J. Doyle, Jr., c/o the Anzalone Law Offices, LLC, 98 S.

Franklin St., Wilkes-Barre, PA 18701.

2.      Plaintiff's name and address is not contained within this Complaint, so as to protect

the privacy and identity of Plaintiff S.W. and his parent and natural guardian M.W., who incurred

injuries and damages while a minor, as set forth hereinafter.

1

3.     Use of pseudonyms is done in good faith in order to avoid humiliation, embarrassment, additional psychological harm, and disruption or interference with the Plaintiff. The Plaintiff's identity will be made known to the Defendants by separate communication.

4.     Plaintiff S.W. was a minor student enrolled at both Defendant, Career Technology Center of Lackawanna County and Lakeland School District during the 2016-2017 school year.

5.     Defendant, Career Technology Center of Lackawanna County (hereinafter "CTC"), is, upon information and belief, a consortium of school districts in Northeastern Pennsylvania duly organized, established and existing under the laws of the Commonwealth of Pennsylvania to provide instruction to students in different career areas; receives federal assistance either individually or through the aforementioned consortium of school districts; and maintains administrative offices at 3201 Rockwell Avenue, Scranton, Lackawanna County, Pennsylvania 18508.

6.     Defendant, Lakeland School District (hereinafter "Lakeland School District"), is a school district duly organized, established and existing under the laws of the Commonwealth of Pennsylvania, receives federal assistance; and maintains administrative offices at 135 Lakeland Drive, Scott Township, Lackawanna County, Pennsylvania 18433. Lakeland School District acts as a "sending school district" wherein its students are permitted to take instructional classes at Career Technology Center of Lackawanna County.

7.     Upon information and belief, a Joint Operating Committee comprised of representatives from each "sending school district" adopts policies and procedures intended to establish the general and overall rules within which the daily operations of CTC are to be governed. These policies and procedures, include, but are not limited to: teacher conduct; hiring, disciplining and firing teachers; prevention of student abuse and/or sexual harassment; reporting of student

2

abuse and/or sexual harassment; and remedying and/or correcting student abuse and/or sexual harassment. The Joint Operating Committee includes school board members from Carbondale School District, Dunmore School District, Forest City School District, Lakeland School District, Mid Valley School District, North Pocono School District, Scranton School District and Valley View School District.

8.    At all times relevant hereto, Richard Humphrey (hereinafter "Humphrey"), was employed by Defendant CTC, as an Automotive Technology teacher at CTC at the time of the events outlined in this Complaint. At all times material and relevant hereto, Humphrey was authorized by CTC and Lakeland School District as a sending school district to perform the duties and functions of an Automotive Technology teacher and, in fact, acted within the scope of said duties and responsibilities at the time of the events outlined herein below.

9.    At all times relevant hereto, CTC acted by and through its agents, employees, servants and officers, to wit, employees, joint operating committee, supervisors, administrators and principals, during the relevant time period, from the beginning of Humphrey's employment with CTC in July 2015 through the completion of the 2016-2017 school year at CTC in June 2017 when Humphrey resigned his employment.

10.    At all times relevant hereto, Lakeland School District acted by and through its agents, employees, servants and officers, to wit, employees, supervisors, administrators and principals, during the relevant time period, from the beginning of Humphrey's employment with CTC in July 2015 through the completion of the 2016-2017 school year at CTC in June 2017 when Humphrey resigned his employment.

3

## FACTUAL BACKGROUND

11.     At all times relevant hereto, CTC hired, employed and supervised Richard Humphrey, who had been appointed to the position of Automotive Technology Instructor in July 2015. Defendant Lakeland School District approved the hiring of Richard Humphrey.

12.     At all times relevant hereto in 2016-2017, Richard Humphrey was acting within the course and scope of his employment and/or agency with CTC and Lakeland School District in his capacity as an Automotive Technology Instructor.

13.     During the 2016-2017 school year, Plaintiff S.W., a student in the Lakeland School District, was enrolled in the Automotive Technology program at CTC taught by Richard Humphrey.

14.     At all times relevant hereto, Defendant CTC was implementing and executing its policies, procedures and customs in regard to the events set forth in this Complaint such that the same resulted in the deprivation of Plaintiff S.W.'s constitutional, statutory and common law rights.

15.     At all times relevant hereto, Defendant Lakeland School District was implementing and executing its policies, procedures and customs in regard to the events set forth in this Complaint such that the same resulted in the deprivation of Plaintiff S.W.'s constitutional, statutory and common law rights.

16.     Defendant CTC and Defendant Lakeland School District were responsible to ensure that all of its agents, employees, servants and officers were properly trained and supervised in the course of their employment/agency relationship with CTC and/or the Lakeland School District.

17.     At all times relevant hereto, Defendant CTC and Defendant Lakeland School District acted under color of state law.

4

18.     Plaintiff S.W. was enrolled as a student at CTC and Lakeland School District during the 2016-2017 school year.

19.     At all times relevant hereto, Plaintiff S.W. was a minor and a member of a protected class under the law.

20.     During the 2016-2017 school year, Richard Humphrey, as the instructor of the Automotive Technology class, began making unwanted sexual advances towards minor students in the class, was using vulgar and explicit language, and constantly was engaging in inappropriate and unwanted physical contact with students, including Plaintiff S.W., by groping and/or rubbing Plaintiff S.W.'s genital area.

21.     This inappropriate conduct by Richard Humphrey was an open secret among the students in the Automotive Technology class, among the students in the other classes at Defendant CTC and among the staff and/or administrators of Defendant CTC during Richard Humphrey's tenure in the Automotive Technology class.

22.     Upon information and belief, early in the Springtime around March 2017, Louis Morgantini, another teacher in the Automotive Technology class and an employee of Defendant CTC, approached other minor students in the class and expressed that he had noticed that Richard Humphrey was acting inappropriately with the minors and that he would "keep an eye on him." Mr. Morgantini further expressed that he would have to do something and speak with others if the behavior continued (which it did).

23.     Upon information and belief, as a mandatory reporter under Pennsylvania law (23 Pa. C.S.A § 6311), Mr. Morgantini had a duty to report the behavior of Richard Humphrey and disclose what he had witnessed to the proper authorities including, but not limited to the administrators of Defendant CTC and Childline. The administrators of Defendant CTC would in

turn also have a duty to disclose the report of child abuse to Childline and facilitate the cooperation of Defendant CTC with the investigation of the report of child abuse.

24.     Upon information and belief, Mr. Morgantini, in accordance with his mandatory reporting duty under 23 Pa. C.S.A. § 6311, did report the behavior of Richard Humphrey to the administrators of Defendant CTC, but no action was taken by the administrators of Defendant CTC.  Alternatively, if Mr. Morgantini did not report this behavior to the administrators of Defendant CTC and/or Childline, then it is a direct implication of Defendant CTC's failure to train its school employees on how to maintain/protect/preserve minor students to prevent sexual misconduct, sexual abuse and/or sexual harassment.

25.     Upon information and belie, on another occasion around March 2017, as the inappropriate behavior continued, students had a conversation with Mr. Morgantini wherein a student indicated that Richard Humphrey had made contact with his genital area by "ball-tapping" him.  Mr. Morgantini responded by stating that such conduct by Richard Humphrey "was not right."

26.     Upon information and belief, as a mandatory reporter under Pennsylvania law (23 Pa. C.S.A. § 6311), Mr. Morgantini had a duty to report the behavior of Richard Humphrey and disclose what he had witnessed to the proper authorities including, but not limited to the administrators of Defendant CTC and Childline. The administrators of Defendant CTC would in turn also have a duty to disclose the report of child abuse to Childline and facilitate the cooperation of Defendant CTC with the investigation of the report of child abuse.

27.     Upon information and belief, Mr. Morgantini, in accordance with his mandatory reporting duty under 23 Pa. C.S.A. § 6311, did report the behavior of Richard Humphrey to the administrators of Defendant CTC, but no action was taken by the administrators of Defendant

CTC. Alternatively, if Mr. Morgantini did not report this behavior to the administrators of Defendant CTC and/or Childline, then it is a direct implication of Defendant CTC's failure to train its school employees on how to maintain/protect/preserve minor students to prevent sexual misconduct, sexual abuse and/or sexual harassment.

28.     Upon information and belief, on another occasion during the 2017 Spring semester, as the inappropriate behavior continued, a group of students had another discussion with Mr. Morgantini wherein they specifically told Mr. Morgantini that Richard Humphrey was rubbing another minor student's shoulders and making him feel uncomfortable and asked "what's up with Mr. Humphrey?" Mr. Morgantini responded by telling the students not to worry about Mr. Humphrey and just ignore him because "you know the way he is."

29.     Upon information and belief, as a mandatory reporter under Pennsylvania law (23 Pa. C.S.A. § 6311), Mr. Morgantini had a duty to report the behavior of Richard Humphrey and disclose what he had witnessed to the proper authorities including, but not limited to the administrators of Defendant CTC and ChildLine. The administrators of Defendant CTC would in turn also have a duty to disclose the report of child abuse to Childline and facilitate the cooperation of Defendant CTC with the investigation of the report of child abuse.

30.     Upon information and belief, Mr. Morgantini, in accordance with his mandatory reporting duty under 23 Pa. C.S.A. § 6311, did report the behavior of Richard Humphrey to the administrators of Defendant CTC, but no action was taken by the administrators of Defendant CTC. Alternatively, if Mr. Morgantini did not report this behavior to the administrators of Defendant CTC and/or Childline, then it is a direct implication of Defendant CTC's failure to train its school employees on how to maintain/protect/preserve minor students to prevent sexual misconduct, sexual abuse and/or sexual harassment.

31.     Upon information and belief, the behavior and conduct of Richard Humphrey was open, widespread and known by students, staff and administrators of Defendant CTC.

32.     Upon information and belief, after a reasonable opportunity for further investigation or discovery, discovery may likely reveal that Richard Humphrey's conduct was also open, widespread and known by staff and administrators of Defendant Lakeland School District, including Board Members, principals and/or superintendents.

33.     Richard Humphrey would also offer students "special privileges" so that they could come into his classroom shop early and stay late.  Richard Humphrey would sexual abuse minor students during these "special privileges" hours.

34.     Upon information and belief, Defendant CTC, its agents, employees, servants and officers knew that Richard Humphrey offered his minor students "special privileges."

35.     On or about May 13, 2017, Richard Humphrey's groped and/or rubbed the genitals of the Plaintiff S.W. after Plaintiff S.W. got grease on his pants.

36.     Upon information and belief, other minor students did report to teachers and individuals in authority positions the sexual abuse and assault being perpetrated on them.

37.     On May 13, 2017, a Childline report was initiated regarding Richard Humphrey's behavior in the Automotive Technology class and an investigation commenced by Detective Jeffrey Gilroy of the Scranton Police Department.

38.     The investigation resulted in numerous allegations of instances of sexual misconduct, sexual abuse and/or sexual harassment committed by Richard Humphrey involving multiple minor students in the Automotive Technology class, including Plaintiff S.W.

39.     On May 15, 2017, upon information and belief, Richard Humphrey was suspended with pay by Defendant CTC.

8

40.     On May 31, 2017, Richard Humphrey was arrested and charged with fifteen (15) criminal counts, including corruption of minors, institutional sexual assault, and indecent assault, related to his sexual misconduct, sexual abuse and/or sexual harassment of numerous minor students, including Plaintiff S.W., in the Automotive Technology class. Subsequently, on January 25, 2018, he pled guilty to elven (11) counts of indecent assault and one count of corruption of minors.

41.     On July 24, 2018, a member of the Pennsylvania Sexual Offenders Assessment Board testified at sentencing that Richard Humphrey met multiple criteria as a sexually violent predator. Based upon that testimony and supporting evidence, the Honorable Vito Geroulo of the Lackawanna County Court of Common Pleas formally adjudicated Richard Humphrey a Sexually Violent Predator in accordance with Pennsylvania law. Thereafter, Richard Humphrey was sentenced to a term of imprisonment for his crimes. As a Sexually violent Predator, Richard Humphrey is a lifetime registrant under the Adam Walsh Act.

42.     At the time of Richard Humphrey's arrest on May 31, 2017, Defendant CTC, by and through its solicitor, issued the following statement:

> The school community of the CTC of Lackawanna County is deeply saddened to learn of allegations that represent an egregious breach of trust committed by a member of our CTC Family. We have been cooperating fully with all authorities during the investigation of these allegations and immediately implemented steps to ensure student safety when the reports were brought to our attention. The faculty member involved was immediately suspended and will remain so until further notice. Students impacted are being offered counseling in collaboration with the Children's Advocacy Center and the Lackawanna County Office of Youth and Family Services.

43.     Despite the aforementioned statement, Plaintiff S.W., along with other multiple students in the Automotive Technology class, were never afforded the proper support in the wake of this sexual abuse scandal in the form of adequate health, psychological, counseling and

academic assistance and services to help minimize the harm he suffered due to discrimination and harassment, including sexual abuse and harassment by either Defendant CTC or Defendant Lakeland School District.

44.     Plaintiff S.W. was also never afforded the proper support in the wake of this sexual abuse scandal in the form of adequate health, psychological, counseling and academic assistance and services to help minimize the harm he suffered due to discrimination and harassment, including sexual abuse and harassment by Defendant Lakeland School District.

45.     Instead of providing appropriate support for the abuse the minor students suffered, including Plaintiff S.W., Defendant CTC, by and through its employee Robert Hudak, an instructional aide or paraprofessional in the Automotive Technology class, addressed the class in the days after Richard Humphrey's arrest and accused the minor students, including Plaintiff S.W., of being liars and attempting to ruin Richard Humphrey's reputation and life.

46.     Instead of providing appropriate support for the abuse the minor students suffered, including Plaintiff S.W., Defendant CTC focused on the morale of the staff at Defendant CTC rather than the minor students who suffered at the hands of the sexual misconduct, sexual abuse and/or sexual harassment by Richard Humphrey. Such focus is evident in a June 2, 2017 email from the Administrative Director of CTC, Thomas Baileys, to the members of the Joint Operating Committee, stating, in pertinent part:

> As you are aware we have been dealing with a disturbing situation and it has ensnared another staff member (in a much different way). As a result the entire staff is on edge and the environment is a tinder box. I am working with our solicitor to arrange for several speakers from the Children's Advocacy Center and the District Attorney's office to come in on Monday afternoon to ease the tension and answer as many question as can be answered at this time.

47.    Instead of providing appropriate support for the abuse he suffered, Plaintiff S.W., upon his return to Defendant CTC after what had occurred, was singled out for his part in the scandal by the staff of Defendant CTC, as a result of direct retaliation by Defendant CTC for the reporting of abuse by Richard Humphrey.

48.    Plaintiff S.W. suffered additional and often daily materially adverse actions and retaliation levied against him by agents, employees, supervisors, administrators and principals of Defendant CTC by being called to the principal's office and reprimanded for trivial issues that no other non-sexually abused student was disciplined.  This retaliation of Defendant CTC and its agents, employees, supervisors, administrators, officers and principals was a direct result for the reporting of abuse by Richard Humphrey.

49.    Upon information and belief, Defendant CTC knew or should have known of Richard Humphrey's inappropriate conduct with multiple minor students in the Automotive Technology class including Plaintiff S.W. and should have taken some action to end the conduct, yet Defendant CTC was recklessly and deliberately indifferent to the need to: adequately monitor Richard Humphrey and protect the minor students from sexual misconduct, sexual abuse and/or harassment by their teacher while such minor students were in the care, custody and control of Defendant CTC; supervise Richard Humphrey; investigate the inappropriate conduct; protect Plaintiff S.W.; remove and/or suspend Richard Humphrey; and/or train Richard Humphrey and/or CTC employees on how to maintain/protect/preserve minor students to prevent sexual misconduct, sexual abuse and/or harassment from occurring, including that which occurred to Plaintiff S.W.

50.    Despite being aware of Richard Humphrey's inappropriate conduct with minor students including Plaintiff S.W., Defendant CTC failed to take any action to: supervise Richard Humphrey; investigate the inappropriate conduct; protect Plaintiff S.W.; remove and/or suspend

Richard Humphrey; and/or train Richard Humphrey and/or school district employees on how to maintain/protect/preserve minor students to prevent sexual misconduct, sexual abuse and/or harassment of Plaintiff S.W. by Richard Humphrey.

51. Upon information and belief, after a reasonable opportunity for further investigation or discovery, discovery may likely reveal that Defendant Lakeland School District knew or should have known of Richard Humphrey's inappropriate conduct with multiple minor students in the Automotive Technology class including Plaintiff, S.W. and should have taken some action to end the conduct, yet Defendant Lakeland School District was recklessly and deliberately indifferent to the need to: adequately monitor Richard Humphrey and protect the minor students from sexual misconduct, sexual abuse and/or harassment by their teacher while such minor students were in the care, custody and control of Defendant, CTC; supervise Richard Humphrey; investigate the inappropriate conduct; protect Plaintiff S.W., remove and/or suspend Richard Humphrey; and/or train Richard Humphrey and/or Lakeland School District employees on how to maintain/protect/preserve minor students to prevent sexual misconduct, sexual abuse and/or harassment from occurring, including that which occurred to Plaintiff, S.W.

52. Upon information and belief, after a reasonable opportunity for further investigation or discovery, discovery may likely reveal that Defendant Lakeland School District, despite being aware of Richard Humphrey's inappropriate conduct with minor students including Plaintiff, S.W., Defendant Lakeland School District failed to take any action to: supervise Richard Humphrey; investigate the inappropriate conduct; protect Plaintiff S.W., remove and/or suspend Richard Humphrey; and/or train Richard Humphrey and/or school district employees on how to maintain/protect/preserve minor students to prevent sexual misconduct, sexual abuse and/or harassment of Plaintiff, S.W. by Richard Humphrey.

53.     Upon information and belief, prior to being hired by Defendant CTC with the approval of Lakeland School District, Richard Humphrey had engaged in similar sexual misconduct, sexual abuse and/or harassment during his employment with Toyota of Scranton, located near the campus of Defendant CTC.

54.     Defendant CTC and Lakeland School District knew or should have known of Richard Humphrey's propensity for inappropriate conduct with others before Defendant CTC hired Richard Humphrey to teach minor students, and did nothing in its hiring and investigation of this prospective teacher to protect students like Plaintiff S.W. from such propensity and conduct.

55.     Defendant CTC and Defendant Lakeland School District did not have in place a policy and/or procedure that would allow the district to obtain such information about a prospective teacher and to do an appropriate and thorough background check, including policies and procedures to properly investigate and review teachers Defendant CTC planned to hire.

56.     Defendant CTC and Defendant Lakeland School District had a policy and/or custom of ignoring signs of sexual misconduct, sexual abuse and/or harassment between teachers and minor students, and of failing to investigate situations where inappropriate conduct by a teacher was suggested and/or suspected and/or evident.

57.     At all times relevant hereto, Defendant CTC and Defendant Lakeland School District was aware of and recklessly and deliberately indifferent to, the need for additional or different training, testing, rules, regulations, policies, procedures, guidelines, directives, monitoring of, supervision of, and investigation relating to inappropriate conduct between students and teachers.

58.     At all times relevant hereto, Defendant CTC and Defendant Lakeland School District was aware of and recklessly and deliberately indifferent to the need to adequately monitor

and protect the students, including Plaintiff S.W., in the Automotive Technology class taught by Richard Humphrey while he, then a minor, was within Defendant CTC's exclusive care, custody and control, and acted without due care in failing to do so.

59.     Plaintiff S.W.'s life is severely and permanently damaged as a result of the harm and abuse he suffered due to Richard Humphrey's conduct, which was exacerbated due to Defendant CTC's failure to: investigate Richard Humphrey's misconduct and/or inappropriate/questionable/suspicious behavior; prevent and stop Richard Humphrey's misconduct and/or inappropriate/questionable/suspicious behavior; prevent Richard Humphrey from being hired by Defendant CTC; take immediate action against Richard Humphrey when made aware of his misconduct; and/or provide a safe and secure environment for Plaintiff, all of which Plaintiff believes and therefore avers that Defendant CTC knew or should have known about.

60.     Plaintiff S.W.'s life is severely and permanently damaged as a result of the harm and abuse he suffered due to Richard Humphrey's conduct, which was exacerbated due to Defendant Lakeland School District's failure to: investigate Richard Humphrey's misconduct and/or inappropriate/questionable/suspicious behavior; prevent and stop Richard Humphrey's misconduct and/or inappropriate/questionable/suspicious behavior; prevent Richard Humphrey from being hired by Defendant Lakeland School District; take immediate action against Richard Humphrey when made aware of his misconduct; and/or provide a safe and secure environment for Plaintiff, all of which Plaintiff believes and therefore avers that Defendant Lakeland School District knew or should have known about.

61.     The sexual abuse and/or harassment against Plaintiff S.W., who was a minor and a student in Defendant CTC's care, custody and control, were the direct and proximate result of the

recklessness and deliberate indifference of Defendant CTC. Such recklessness and deliberate indifference included the following:

a) failing to provide appropriate observation and supervision of Plaintiff S.W. when in the presence of Richard Humphrey, who Defendant CTC knew or should have known had a propensity and/or reputation for inappropriate conduct with minor students including Plaintiff S.W.;

b) inadequate hiring of teachers such Richard Humphrey who was not qualified to work with minor students, without doing a proper investigation as to qualification for working with minor students;

c) failing to take timely action and failing to notify authorities, such as the joint operating committee, law enforcement, child protective and/or public welfare services, about any inappropriate conduct with minor students to prevent further harm to those minors;

d) failing to warn parents, students and others of Richard Humphrey's propensity to have inappropriate contact with minor students including Plaintiff S.W. and not preventing the same;

e) failing to conduct appropriate background checks on staff, including teachers such as Richard Humphrey, prior to hiring;

f) failing to do a full and appropriate investigation, vetting and evaluation of Richard Humphrey prior to hiring him;

g) failing in its hiring and investigation of Richard Humphrey by not having an appropriate and thorough background check;

h) failing to recognize the inappropriate contacts and conduct by Richard Humphrey with minor students including Plaintiff S.W. and not intervening to prevent/stop the same;

i) failing to prevent Richard Humphrey from coming into contact with Plaintiff S.W. and from abusing/harassing Plaintiff S.W. while in the care, custody and control of Defendant CTC;

j) failing to take steps to intervene and stop Richard Humphrey from engaging in inappropriate conduct with minor students including Plaintiff S.W. in the Automotive Technology class;

k) failing to take steps to protect Plaintiff S.W. while he was in the care, custody and control of Defendant CTC;

l) failing to take appropriate steps to remove and/or suspend Richard Humphrey from teaching and/or having contact with minor students and/or being present on Defendant CTC's premises, when Richard Humphrey had engaged in inappropriate conduct with minor students and/or committed assaults on those students, including Plaintiff S.W.;

m) failing to use appropriate monitoring systems to ensure the protection of minor students including Plaintiff S.W.;

n) failing to properly train school staff including but not limited to teachers, administrators and other employees and staff to recognize and prevent inappropriate conduct and contact between teachers and students;

o) allowing teachers, including Richard Humphrey, to engage in inappropriate conduct and contact with students;

p) failing to observe, enforce, follow and/or implement policies and procedures developed by school districts and the federal and state departments of education for the handling and monitoring of relationships between students and teachers in order to prevent inappropriate conduct from occurring, thereby creating a policy, practice and/or custom of such failings within the school;

q) allowing a hostile education environment and sexual harassment of minor students by a teacher to occur and continue on school premises;

r) allowing Richard Humphrey to have interaction with students, including Plaintiff S.W, when Defendant CTC knew or should have known that Richard Humphrey would harm and/or have inappropriate sexual contact with such minor students while they were in the care, custody and control of Defendant CTC;

s) failing to follow, observe, enforce and/or implement policies and procedures relating to safe and secure supervision, monitoring and protection of students, by leaving Richard Humphrey unsupervised, unattended and unmonitored with minor students when he had a history of, and/or a known propensity for inappropriate conduct and contact with minor students;

t) failing to intervene or investigate after Defendant CTC obtained knowledge of and/or information concerning possible inappropriate conduct and contact between Richard Humphrey and minor students including Plaintiff S.W.;

u) failing to provide appropriate resources to staff, including teachers, administrators and/or other staff, to recognize inappropriate conduct and contact and/or prevent sexual abuse/assault/harassment between teachers and students;

v) failing to create, adopt, follow, enforce and/or implement appropriate policies and procedures to ensure that inappropriate conduct and contact between teachers and students would not occur;

w) failing to create, adopt, follow, enforce and/or implement any proper policies and procedures to prohibit inappropriate conduct and contact between teachers and students;

x) failing to create, adopt, follow, enforce and/or implement any proper polices and procedures to prohibit retaliation against any minor students who report abuse by school employees;

y) failing to supervise Richard Humphrey; investigate Richard Humphrey's inappropriate conduct; protect minor students, including Plaintiff S.W.; remove and/or suspend Richard Humphrey; and/or train Richard Humphrey and/or Defendant CTC employees on how to maintain/protect/preserve minor students to prevent sexual abuse and/or harassment from occurring;

z) failing to act and investigate the inappropriate conduct, sexual abuse and/or harassment by Richard Humphrey of minor students, who were not capable of welcoming and/or consenting to inappropriate conduct and contact by Richard Humphrey, which was made possible by grooming and manipulating minor students, including Plaintiff S.W., through intimate contact/conduct with him;

aa) failing to perform an appropriate Title IX investigation related to the sexual misconduct, sexual abuse and/or sexual harassment of Richard Humphrey;

bb) failing to prepare an appropriate Title IX report related to the sexual misconduct, sexual abuse and/or sexual harassment by Richard Humphrey;

cc) failing to act upon Richard Humphrey's known inappropriate conduct and contact with minor students, thus making possible and/or allowing by the support and/or ratification and/or inaction of Defendant CTC as detailed in the foregoing paragraphs, the abuse of minor students, including Plaintiff S.W.;

dd) failing to provide necessary care, treatment and support of the minor students as the sexual abuse and/or harassment was ongoing;

ee) failing to provide necessary care, treatment and support of the minor students at the conclusion of the sexual abuse and/or harassment;

ff) retaliating against the minor students, including Plaintiff S.W., rather than providing the necessary care, treatment and support of the minor students;

62. The sexual misconduct, sexual abuse and/or sexual harassment against Plaintiff

S.W., who was a minor and also a student in the Defendant Lakeland School District's care, custody and control, were there direct and proximate result of the recklessness and deliberate indifference of Defendant Lakeland School District. Such recklessness and deliberate indifference included the following: failing to provide appropriate observation and supervision of Plaintiff S.W. when in the presence of Richard Humphrey, who Defendant CTC knew or should have known had a propensity and/or reputation for inappropriate conduct with minor students including Plaintiff S.W.;

a) failing to provide appropriate observation and supervision of Plaintiff S.W. when in the presence of Richard Humphrey, who Defendant CTC knew or should have known had a propensity and/or reputation for inappropriate conduct with minor students including Plaintiff S.W.;

b) inadequate hiring of teachers such Richard Humphrey who was not qualified to work with minor students, without doing a proper investigation as to qualification for working with minor students;

c) failing to take timely action and failing to notify authorities, such as the joint operating committee, law enforcement, child protective and/or public welfare services, about any inappropriate conduct with minor students to prevent further harm to those minors;

d) failing to warn parents, students and others of Richard Humphrey's propensity to have inappropriate contact with minor students including Plaintiff S.W. and not preventing the same;

e) failing to conduct appropriate background checks on staff, including teachers such as Richard Humphrey, prior to hiring;

f) failing to do a full and appropriate investigation, vetting and evaluation of Richard Humphrey prior to hiring him;

g) failing in its hiring and investigation of Richard Humphrey by not having an appropriate and thorough background check;

h) failing to recognize the inappropriate contacts and conduct by Richard Humphrey with minor students including Plaintiff S.W. and not intervening to prevent/stop the same;

i) failing to prevent Richard Humphrey from coming into contact with Plaintiff S.W. and from abusing/harassing Plaintiff S.W. while in the care, custody and control of Defendant CTC;

j) failing to take steps to intervene and stop Richard Humphrey from engaging in inappropriate conduct with minor students including Plaintiff S.W. in the Automotive Technology class;

k) failing to take steps to protect Plaintiff S.W. while he was in the care, custody and control of Defendant CTC;

l) failing to take appropriate steps to remove and/or suspend Richard Humphrey from teaching and/or having contact with minor students and/or being present on Defendant CTC's premises, when Richard Humphrey had engaged in inappropriate conduct with minor students and/or committed assaults on those students, including Plaintiff S.W.;

m) failing to use appropriate monitoring systems to ensure the protection of minor students including Plaintiff S.W.;

n) failing to properly train school staff including but not limited to teachers, administrators and other employees and staff to recognize and prevent inappropriate conduct and contact between teachers and students;

o) allowing teachers, including Richard Humphrey, to engage in inappropriate conduct and contact with students;

p) failing to observe, enforce, follow and/or implement policies and procedures developed by school districts and the federal and state departments of education for the handling and monitoring of relationships between students and teachers in order to prevent inappropriate conduct from occurring, thereby creating a policy, practice and/or custom of such failings within the school;

q) allowing a hostile education environment and sexual harassment of minor students by a teacher to occur and continue on school premises;

r) allowing Richard Humphrey to have interaction with students, including Plaintiff S.W, when Defendant CTC knew or should have known that Richard Humphrey would harm and/or have inappropriate sexual contact with such minor students while they were in the care, custody and control of Defendant CTC;

s) failing to follow, observe, enforce and/or implement policies and procedures relating to safe and secure supervision, monitoring and protection of students, by leaving Richard Humphrey unsupervised, unattended and unmonitored with minor students when he had a history of, and/or a known propensity for inappropriate conduct and contact with minor students;

t) failing to intervene or investigate after Defendant CTC obtained knowledge of and/or information concerning possible inappropriate conduct and contact between Richard Humphrey and minor students including Plaintiff S.W.;

u) failing to provide appropriate resources to staff, including teachers, administrators and/or other staff, to recognize inappropriate conduct and contact and/or prevent sexual abuse/assault/harassment between teachers and students;

v) failing to create, adopt, follow, enforce and/or implement appropriate policies and procedures to ensure that inappropriate conduct and contact between teachers and students would not occur;

w) failing to create, adopt, follow, enforce and/or implement any proper policies and procedures to prohibit inappropriate conduct and contact between teachers and students;

x) failing to create, adopt, follow, enforce and/or implement any proper policies and procedures to prohibit retaliation against any minor students who report abuse by school employees;

y) failing to supervise Richard Humphrey; investigate Richard Humphrey's inappropriate conduct; protect minor students, including Plaintiff S.W.; remove and/or suspend Richard Humphrey; and/or train Richard Humphrey and/or Defendant CTC employees on how to maintain/protect/preserve minor students to prevent sexual abuse and/or harassment from occurring;

z) failing to act and investigate the inappropriate conduct, sexual abuse and/or harassment by Richard Humphrey of minor students, who were not capable of welcoming and/or consenting to inappropriate conduct and contact by Richard Humphrey, which was made possible by grooming and manipulating minor students, including Plaintiff S.W., through intimate contact/conduct with him;

aa) failing to perform an appropriate Title IX investigation related to the sexual misconduct, sexual abuse and/or sexual harassment of Richard Humphrey;

bb) failing to prepare an appropriate Title IX report related to the sexual misconduct, sexual abuse and/or sexual harassment by Richard Humphrey;

cc) failing to act upon Richard Humphrey's known inappropriate conduct and contact with minor students, thus making possible and/or allowing by the support and/or ratification and/or inaction of Defendant CTC as detailed in the foregoing paragraphs, the abuse of minor students, including Plaintiff S.W.;

dd) failing to provide necessary care, treatment and support of the minor students as the sexual abuse and/or harassment was ongoing;

ee) failing to provide necessary care, treatment and support of the minor students at the conclusion of the sexual abuse and/or harassment;

ff) retaliating against the minor students, including Plaintiff S.W., rather than providing the necessary care, treatment and support of the minor students;

gg) failing to provide, offer, recommend or coordinate adequate health, psychological, counseling and academic assistance and services to Plaintiff S.W. after he was sexually abused and/or harassed by Richard Humphrey;

hh) failing to terminate or otherwise discipline employees and agents identified herein for their willful disregard of the safety and rights of Plaintiff S.W. and other minor students;

ii) failing to provide necessary care, treatment and support of the minor students at the conclusion of the sexual abuse and/or harassment; and

jj) retaliating against the minor students, including Plaintiff S.W., rather than providing the necessary care, treatment and support of the minor students.

## COUNT I

### Plaintiff v. Defendant CTC and Defendant Lakeland School District
### TITLE IX, 20 U.S.C. Section 1681

63.     Plaintiff incorporates the previous paragraphs of this Complaint by reference as if fully set forth at length herein.

64.     The conduct of the Defendants, by and through their agents, employees, servants and officers, in failing to prevent Richard Humphrey's sexual abuse and/or harassment of Plaintiff S.W. when Defendant CTC knew or should have known of Richard Humphrey's inappropriate conduct and contact with Plaintiff S.W., a minor student, constituted deliberate indifference to a teacher's sexual abuse and/or harassment of a minor student. Said conduct was the cause of Plaintiff S.W.'s harm.

65.     Defendants by and through their agents, employees, servants and officers, created and/or permitted to continue the sexual abuse and/or harassment and hostile educational

environment in violation of Title IX of the Education Amendments of 1972, 20 U.S.C., Section 1681(a).

66.     Pursuant to Title IX, Plaintiff was a member of a protected class.

67.     As set forth herein, Plaintiff was subjected to sexual harassment in the form of sexual advances and actual sexual contact/conduct from Richard Humphrey.

68.     Said harassment was based on Plaintiff S.W.'s sex.

69.     The sexual harassment as previously set forth herein unreasonably interfered with Plaintiff S.W.'s performance as a student in school and created an intimidating, hostile and/or offensive environment which severely affected his well-being, both physically and psychologically.

70.     Defendants knew or should have known of Richard Humphrey's extraordinary amounts of time spent with, and/or inappropriate behavior with, and/or misconduct with Plaintiff S.W., had authority to investigate and remedy the situation on behalf of Defendant CTC, yet were deliberately indifferent thereto.

71.     As a result of Defendants failure to properly act and/or investigate Richard Humphrey's conduct, Plaintiff S.W. was subjected to sexual harassment in the form of sexual advances and actual sexual conduct/contact from Richard Humphrey.

72.     Such conduct violates Title IX of the Education Amendments of 1972, which provides that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C., Section 1681(a).

73.    As a direct and proximate result of the above-stated acts and omissions, Plaintiff S.W. has suffered such harm as has been previously stated herein for which he is entitled to be compensated for under Title IX of the Education Amendments of 1972.

WHEREFORE, Plaintiff demands judgment against Defendants in an amount in excess of $50,000.00 plus interest and costs, which sum includes, but is not limited to:

    a) All Compensatory damages permitted by Pennsylvania law;

    b) All damages recoverable under Title IX, including interest, costs and attorney fees; and

    c) All other damages and relief as is deemed necessary and equitable by the Court and/or Jury presiding over this case.

## COUNT II

### Plaintiff v. Defendant CTC and Defendant Lakeland School District
### TITLE IX, 20 U.S.C. Section 1681 – Post-May 2017

74.    Plaintiff incorporates the previous paragraphs of this Complaint by reference as if fully set forth at length herein.

75.    Defendant CTC and Defendant Lakeland School District had actual knowledge of the discrimination against Plaintiff S.W. as set forth in the previous paragraphs of this Complaint.

76.    Defendant CTC and Defendant Lakeland School District had actual knowledge and the authority to take corrective action to provide, offer, recommend or coordinate adequate health, psychological, counseling and academic assistance and services to Plaintiff S.W. to help minimize the harm he suffered due to discrimination and harassment, including sexual abuse and harassment. Defendants CTC and Defendant Lakeland School District chose not to do so.

77.    By action and inaction after Richard Humphrey's arrest, Defendant CTC and Defendant Lakeland School District acted with deliberate indifference to Plaintiff S.W.'s right to

a safe and secure education environment. Defendant CTC and Defendant Lakeland School District materially impaired Plaintiff S.W.'s access to educational opportunities and benefits in violation of the requirements of Title IX by:

a) failing to provide, offer, recommend or coordinate adequate health, psychological, counseling and academic assistance and services to Plaintiff S.W. after he was sexually abused and/or harassed by Richard Humphrey; or being deliberately indifferent thereto;

b) failing to terminate or otherwise discipline employees and agents identified herein for their willful disregard of the safety and rights of Plaintiff S.W. and other minor students; or being deliberately indifferent thereto; and

c) through other actions, inactions and deliberate indifference.

78. As a direct and proximate result of the above-stated acts and omissions, Plaintiff S.W. has suffered such harm as has been previously stated herein for which he is entitled to be compensated for under Title IX of the Education Amendments of 1972.

WHEREFORE, Plaintiff demands judgment against Defendant CTC and Defendant Lakeland School District in an amount in excess of $50,000.00 plus interest and costs, which sum includes, but is not limited to:

a) All Compensatory damages permitted by Pennsylvania law;

b) All damages recoverable under Title IX, including interest, costs and attorney fees; and

c) All other damages and relief as is deemed necessary and equitable by the Court and/or Jury presiding over this case.

## COUNT III

### Plaintiff v. Defendant CTC and Defendant Lakeland School District
### TITLE IX, 20 U.S.C. Section 1681 – Retaliation

79. Plaintiff incorporates the previous paragraphs of this Complaint by reference as if

fully set forth at length herein.

80.     Defendant CTC and Defendant Lakeland School District had actual knowledge of the discrimination against Plaintiff S.W. as set forth in the previous paragraphs of this Complaint.

81.     Defendant CTC and Defendant Lakeland School District had actual knowledge and the authority to take corrective action to provide, offer, recommend or coordinate adequate health, psychological, counseling and academic assistance and services to Plaintiff S.W. to help minimize the harm he suffered due to discrimination and harassment, including sexual abuse and harassment. Defendants CTC and Defendant Lakeland School District chose not to do so in retaliation for Plaintiff S.W.'s involvement in the sexual abuse scandal and reporting of the sexual abuse by Richard Humphrey along with other acts of retaliation as outlined herein.

82.     A police criminal complaint was filed against Richard Humphrey on May 30, 2017 pertaining to the sexual harassment and assault as a result of Plaintiff S.W. and other minor students reporting the sexual harassment and assault they suffered by Richard Humphrey. Defendants had knowledge of the police criminal complaint.

83.     Indeed, on or about May 15, 2017, Richard Humphrey was suspended with pay while an investigation pertaining to the sexual harassment and assault of CTC students, including Plaintiff S.W., was conducted.

84.     Defendants failed to provide, offer, recommend or coordinate adequate health, psychological, counseling and/or academic assistance and services to Plaintiff S.W. after he was sexually abused and/or harassed by Richard Humphrey.

85.     Rather, Defendants, by and through their agents, employees, servants and officers, to wit, employees, supervisors, administrators and principals, retaliated against and took

materially adverse actions against Plaintiff S.W. and other students that were sexually assaulted by Richard Humphrey.

86.     For instance, upon Richard Humphrey's arrest, Defendant CTC, by and through its employee Robert Hudak, an instructional aide or paraprofessional in the Automotive Technology class, addressed the class in the days after Richard Humphrey's arrest and accused the minor students, including Plaintiff S.W., of being liars and attempting to ruin Richard Humphrey's reputation and life, stating that he hopes that they all "get what they have coming to them."

87.     Plaintiff S.W. suffered additional and often daily materially adverse actions and retaliation levied against him by agents, employees, supervisors, administrators and principals of Defendants by being called to the principals office and reprimanded for trivial issues that no other non-sexually abused student was disciplined.

88.     By action and inaction after Richard Humphrey's arrest, Defendant CTC and Defendant Lakeland School District acted with deliberate indifference to Plaintiff S.W.'s right to a safe and secure education environment and retaliated against Plaintiff S.W. for his involvement in the sexual abuse scandal at Defendant CTC and the reporting of sexual abuse by Richard Humphrey. Defendant CTC and Defendant Lakeland School District materially impaired Plaintiff S.W.'s access to educational opportunities and benefits in violation of the requirements of Title IX by:

    a)   failing to provide, offer, recommend or coordinate adequate health, psychological, counseling and academic assistance and services to Plaintiff S.W. after he was sexually abused and/or harassed by Richard Humphrey; or being deliberately indifferent thereto;

    b)   failing to terminate or otherwise discipline employees and agents identified herein for their willful disregard of the safety and rights of Plaintiff S.W. and other minor students; or being deliberately indifferent thereto;

    c) failing to provide necessary care, treatment and support of the minor students at the conclusion of the sexual abuse and/or harassment;

    d) retaliating against the minor students, including Plaintiff S.W., rather than providing the necessary care, treatment and support of the minor students;

    e) singling out Plaintiff S.W. for his part in the sexual abuse scandal and reporting of the abuse by Richard Humphrey by the staff of Defendant CTC; and

    f) accusing the minor students, including Plaintiff S.W., of being liars and attempting to ruin Richard Humphrey's reputation and life.

89. The aforementioned actions by Defendants and their officials showed and demonstrated a retaliatory animus towards Plaintiff S.W.

90. The actions of the Defendants, as aforementioned, were in violation of Title IX, which prohibits retaliation in educational settings in response to protected activity.

91. As a direct and proximate result of the above-stated acts and omissions, Plaintiff S.W. has been severely and significantly injured as a result of the conduct of Defendants. Plaintiff S.W. has suffered severe emotional distress, and continues to seek counseling due to the conduct of Defendants.

WHEREFORE, Plaintiff S.W., demands judgment against Defendant CTC and Defendant Lakeland School District in an amount in excess of $50,000.00 plus interest and costs, which sum includes, but is not limited to:

    a) All Compensatory damages permitted by Pennsylvania law;

    b) All damages recoverable under Title IX, including interest, costs and attorney fees; and

    c) All other damages and relief as is deemed necessary and equitable by the Court and/or Jury presiding over this case.

## COUNT IV

### Plaintiff v. Defendant CTC and Defendant Lakeland School District

27

## CIVIL RIGHTS VIOLATION – 42 U.S.C. Section 1983

92. Plaintiff incorporates the previous paragraphs of this Complaint by reference as if fully set forth at length herein.

93. Pursuant to the Due Process Clause of the Fourteenth Amendment, Plaintiff S.W. had the right as a public school student to personal security and bodily integrity.

94. Pursuant to the Due Process Clause of the Fourteenth Amendment, Plaintiff S.W. had the right to be free from sexual misconduct and/or sexual abuse and/or sexual harassment at the hands of an employee of the public school system such as Richard Humphrey.

95. Under the Fourteenth Amendment, Plaintiff had the right to be free from illegal seizures.

96. Defendants, by and through their agents, employees, servants and officers, as state actors, subjected Plaintiff S.W. to violations of his Constitutional right as a public school student to personal security and bodily integrity as well as his right to be free from sexual misconduct and/or sexual abuse and/or sexual harassment at the hands of an employee of the public school system such as Richard Humphrey.

97. In subjecting Plaintiff S.W. to these violations, Defendants, by and through their agents, employees, servants and officers, as state actors, failed to investigate Richard Humphrey's conduct; failed to adequately supervise Richard Humphrey; failed to suspend or fire Richard Humphrey; failed in its hiring and investigation of Richard Humphrey by not having an appropriate and thorough background check; failed to adequately train Richard Humphrey and other school district employees on how to maintain/protect/preserve minor students to prevent sexual misconduct and/or sexual abuse and/or sexual harassment in the form of sexual advances and sexual contact by teachers and/or prevent/stop the abuse by Richard Humphrey of minor students

28

including Plaintiff S.W.; and in so doing manifested a deliberate indifference to the adverse effect of Richard Humphrey's misconduct and the effect of same upon students, including Plaintiff S.W.

98.   Plaintiff S.W. avers that Defendants had and have unconstitutional customs and policies of failing to investigate evidence of public school district employees' misconduct, sexual abuse and/or sexual harassment against school district students in the nature of violations of their right to personal security, bodily integrity, as well as their right to be free from sexual misconduct and/or sexual abuse and/or sexual harassment, and failing to adequately supervise and train school district employees with regard to maintaining, preserving and protecting students from violation of their right to personal security and bodily integrity.

99.   The conduct of Defendants, by and through their agents, employees, servants and officers and other school district personnel, as set forth above, acting under color of state law, in failing to put in place and enforce policies to adequately protect students from inappropriate conduct by teachers, was committed in deliberate and/or conscious disregard of the substantial and/or unjustifiable risk of causing harm to Plaintiff S.W., and was so egregious as to shock the conscience. Said conduct was the cause of Plaintiff S.W.'s harm.

100.   The conduct as described above was committed pursuant to a municipal policy and/or custom.

101.   Plaintiff S.W. avers that Defendants, by and through their agents, employees, servants and officers and other school district personnel, followed these unconstitutional policies and/or customs with regard to himself as hereinafter set forth.

102.   The conduct described above violated Plaintiff S.W.'s constitutional right to substantive due process and his right to be free from invasion of her personal security and/or his

right to bodily integrity, as guaranteed by the 14th Amendment to the United States Constitution and as remediable by 42 U.S.C. §1983.

103.    Defendants, by and through their agents, employees, servants and officers and other school district personnel, are  policy makers for the purpose of implementing Defendants policies and customs.

104.    As a direct and proximate result of the above-stated acts and omissions, Plaintiff S.W. has suffered such harm  as has been previously stated herein for which he is entitled to be compensated.

WHEREFORE, Plaintiff S.W., demands judgment against Defendants CTC and Defendant Lakeland School District in an amount in excess of $50,000.00 plus interest and costs, which sum includes, but is not limited to:

a)    All Compensatory damages permitted by Pennsylvania law;

b)    All damages recoverable under 42 U.S.C. § 1983, including interest, costs and attorney fees; and

c)    All other damages and relief as is deemed necessary and equitable by the Court and/or Jury presiding over this case.

## COUNT V

### Plaintiff v. Defendant CTC and Defendant Lakeland School District
### CIVIL RIGHTS VIOLATION – 42 U.S.C. Section 1983 – State Created Danger

105.    Plaintiff incorporates the previous paragraphs of this Complaint by reference as if fully set forth at length herein.

106.    A special relationship existed between Plaintiff S.W. and the Defendants, whereby Defendants owed an affirmative duty to protect the health and safety of Plaintiff S.W.

107.    Over a period of years, Richard Humphrey repeatedly sexually abused and

assaulted minor students in his classroom, including Plaintiff S.W.

108.    Prior to and during the period of sexual abuse, other employees and officials of CTC and Lakeland School District knew about Richard Humphrey's proclivity to engage in improper touching and groping of minor students. Nonetheless, no appropriate, effective, or adequate steps were taken to protect students from Richard Humphrey's sexual abuse.

109.    During the period of abuse, other school employees and officials became aware that Richard Humphrey was using very vulgar and explicit language in the classroom, constantly engaging in inappropriate and unwanted physical contact with his minor students by placing his hands on their shoulders and private regions, including Plaintiff S.W., however, no proper inquiries were made and no corrective action was taken.

110.    Up until the time of his resignation and arrest, and at all relevant times herein, Richard Humphrey was a teacher at CTC within the Lakeland School District. In that capacity, he was the agent, servant, and/or employee of Defendants.

111.    At all times relevant hereto, Richard Humphrey was acting under color of state law.

112.    One of Richard Humphrey's functions as a school teacher of Defendants was to protect and serve the public, including the minor students and Plaintiff S.W.

113.    All of Richard Humphrey's wrongful acts as alleged in this Complaint were made possible by Richard Humphrey's employment as a teacher of Defendant CTC within Defendant Lakeland School District.

114.    At all times relevant hereto, Defendants did not have in place adequate procedures, policies, or safeguards to prevent sexual abuse such as the kind suffered by Plaintiff S.W.

115. As a direct, legal, and proximate result of the wrongdoing described in this Complaint, Plaintiff S.W. has suffered serious emotional pain, suffering, and damages and continues to seek counseling due to the conduct of Defendants

116. As a direct, legal, and proximate result of the wrongful conduct described in this Complaint, Plaintiff S.W. has also suffered physical and emotional trauma associated with the unlawful sexual touching and abuse, and the loss of important federally guaranteed civil rights.

117. The actions of Defendants, including exposing Plaintiff S.W. to the danger implicit in being subject to the educational authority of a teacher with the proclivities to abuse young, minor students, violated his rights under the United States Constitution, including the right to be free from state created danger.

118. In this case, the harm ultimately caused, that being the sexual abuse of Plaintiff S.W., as well as other minor students, was foreseeable and fairly direct.

119. Defendants acted in willful disregard for Plaintiff S.W.'s safety.

120. Defendants used their authority to create the opportunity that otherwise would not have existed for Richard Humphrey's crime to occur.

121. The conduct of the Defendants shocks the conscience.

122. The Defendants breached their duty to protect Plaintiff S.W., despite their special relationship and the Defendants constitutional responsibility to do so.

123. The harm to Plaintiff S.W. was the direct, legal, proximate, and foreseeable result of the misconduct of the Defendants.

124. Defendants are liable for the injuries to Plaintiff S.W. in that the Defendants created a danger which caused harm to the Plaintiff S.W.

WHEREFORE, Plaintiff S.W., demands judgment against Defendant CTC and

Defendant Lakeland School District in an amount in excess of $50,000.00 plus interest and costs, which sum includes, but is not limited to:

a) All Compensatory damages permitted by Pennsylvania law;

b) All damages recoverable under 42 U.S.C. § 1983, including interest, costs and attorney fees; and

c) All other damages and relief as is deemed necessary and equitable by the Court and/or Jury presiding over this case.

### COUNT VI

**Plaintiff v. Defendant CTC and Defendant Lakeland School District**
**CIVIL RIGHTS VIOLATION – 42 U.S.C. Section 1983 – Failure to Train & Supervise**

125.    Plaintiff incorporates the previous paragraphs of this Complaint by reference as if fully set forth at length herein.

126.    Richard Humphrey along with other teachers, administrators, officers, agents and employees of Defendants were state actors working for Defendant CTC and Defendant Lakeland School District, and both Defendants received federal funding at all times relevant hereto.

127.    Richard Humphrey along with other teachers, administrators, officers, agents, and employees of Defendants acted under color of state law at all times relevant hereto.

128.    Prior to and during the period of sexual abuse, Defendants and other employees and officials of CTC and Lakeland School District knew about Richard Humphrey's proclivity to engage in improper touching and groping of minor students.  Nonetheless, no appropriate, effective, or adequate steps were taken to protect students from Richard Humphrey's sexual abuse.

129.    During the period of abuse, Defendants and other school employees and officials became aware that Richard Humphrey was using very vulgar and explicit language in the classroom, constantly engaging in inappropriate and unwanted physical contact with his minor

33

students by rubbing their backs and shoulders, putting his arms around them, acting in a creepy and weird fashion and groping and/or slapping their private regions, however, no proper inquiries were made and no corrective action was taken.

130.    Defendants and their teachers, administrators, officers, agents, and/or employees knew or should have known that their response to sexual assault allegations must comply with federal law, particularly as outlined in Title IX's published and widely promulgated implementing regulations.

131.    Defendants failed to properly train and supervise its teachers, administrators, officers, agents, and/or employees as to mandated investigative requirements, which include:

a)  failing to take immediate and appropriate action to investigate or otherwise determine what occurred once informed of possible sexual violence;

b)  Failing to take prompt and effective steps to end the sexual violence, prevent its recurrence, and address its effects; and

c)  Failing to take steps to protect the Plaintiff and other minor students as necessary.

132.    Defendants' failure to train their teachers, administrators, officers, agents, and/or employees to deal with actual, apparent, or suspected cases of sexual abuse was the direct, legal and proximate cause of the harms suffered by Plaintiff S.W.

133.    Defendants' failure to provide proper and adequate training to their teachers, administrators, officers, agents, and/or employees constituted deliberated indifference to the presence of an excessive risk of danger to the health, welfare, and safety of the students of Defendants, including Plaintiff S.W.

WHEREFORE, Plaintiff S.W., demands judgment against Defendant CTC and Defendant Lakeland School District in an amount in excess of $50,000.00 plus interest and costs, which sum includes, but is not limited to:

a) All Compensatory damages permitted by Pennsylvania law;

b) All damages recoverable under 42 U.S.C. § 1983, including interest, costs and attorney fees; and

c) All other damages and relief as is deemed necessary and equitable by the Court and/or Jury presiding over this case.

Respectfully submitted,

ANZALONE LAW OFFICES, LLC

By: _____

PATRICK J. DOYLE, JR, ESQUIRE
*Attorney for Plaintiffs*

## VERIFICATION

I, M.W., Plaintiff herein, as parent and natural of S.W., a minor, certify that the

statements contained in the foregoing Complaint are true and correct and are made subject to the

penalties of 18 Pa. C.S.A. Section 4904, relating to unsworn falsification to authorities.

Mike Wagner (Jun 13, 2019)

_____
M.W.

## CERTIFICATE OF COMPLIANCE

I certify that this filing complies with the provisions of the *Public Access Policy of the Unified Judicial System of Pennsylvania: Case Records of the Appellate and Trial Courts* that require filing confidential information and documents differently than non-confidential information and documents.

Submitted by: __Patrick J. Doyle, Jr., Esquire__

Signature: _____

Name: ___Patrick J. Doyle, Jr., Esquire___

Attorney No. (if applicable): __203542__

Rev. 12/2017